Good morning, your honors. May it please the court, my name is Kelly Reynolds. I am the attorney for the petitioner Jorge Cubias-Gomez. I will attempt to reserve one minute for rebuttal. The question before the court is does the record of conviction eliminate the possibility that Mr. Cubias was convicted as an accessory after the fact? Obviously the petitioner believes that it does not. The record of conviction is incomplete as to the factual basis or in terms of as Mr. Cubias was charged. It just simply does not eliminate the possibility that he was convicted as an accessory after the fact. The record is voluminous as opposed to the record in Vidal, which the court, the en banc court, stated was bereft of any, or at least incomplete. Here we have a lot of documents, but none of them establish what the charge read on the date that Mr. Cubias was convicted. Do we have the complaint in the record, counsel? We do have the complaint in the record, your honor. And doesn't it have a count one? It does, your honor. And he was the one who took the vehicle without consent of the owners, what's pleaded, whatever you want to say? That is the allegation. That was the allegation in the original complaint. And don't we have here in the transcript that he pleaded guilty as charged? No, your honor, that's not present in the transcript. Well, it says the factual basis of the plea, I was doing the things that are stated in the charges that I am admitting. That's the plea form, your honor, and he does put his initials by that sentence. Nevertheless, there is no indication as to how the charge read after the third hearing. Is there anything in the record that shows an amendment? There is nothing in the record that shows an amendment, your honor, but that is not the petitioner's burden to show that it was never amended. Well, I guess the thing that we have to look at is we look at the complaint and then we look at the documents we can look at as to what he did. I've talked to you about the complaint, talked to you about count one. I've looked at the documents, the factual basis for his plea. The complaint doesn't allege he's a party. The abstract of judgment doesn't allege that either that he could be at all an accessory. I guess I'm having a tough time understanding why this isn't pretty clear. Well, because, your honor, what the court, the en banc court in Vidal was concerned with was the informal amendment doctrine in California. In California, there is the informal amendment doctrine, which means that without any writing, without anything, the prosecution can change the charge at any time. Well, but Vidal speaks as I read it, and I read it again today, this morning, that it speaks to a situation where there's no transcript whatsoever. So we don't know at all in Vidal anything about what happened at the time he pleaded. This time, it's quite different. I do have the factual basis for the plea. It's written out. He signs it. I understand the concern, your honor. The factual basis of the plea just simply says I admit what is stated in the charges that I am admitting. I believe that was pretty much the sentence. Unfortunately, I don't have it exactly written out in front of me. We don't know what the charge read at the time. We do have a transcript, but it doesn't. There were two settlement conferences, but the plain language of the first hearing is that he didn't like his attorney, so they got rid of his first attorney. The plain language of the second hearing was that the counsel requested a continuance. I mean, I looked every place I could to find any hearing or anything that would lead us to the same place you want me to get, and I find none. I understand that, your honor, but the question in front of the court in Vidal was not was it ever changed. The question in front of the court in Vidal was does the record eliminate the possibility that he was convicted under accessory after the fact liability. Do you admit that the count one would have nothing to do with an accessory? The language of count one does not list accessory after the fact liability. That is pretty clear. The question, though, before you. The abstract of judgment doesn't say anything about accessory, does it? The abstract of judgment can't be used under the modified categorical approach as under Anaya or Tease, your honor. There's just nothing in the abstract of judgment that is recognizable in terms of deciding under a my understanding of this court's precedent is that the abstract of judgment is just not recognizable in terms of the modified categorical approach in determining under a divisible statute to which part the defendant pled. So are you saying that an abstract of judgment is never to be used or just this particular case? What I'm saying is my understanding of Anaya or Tease is that under the modified categorical approach, the notations in the abstract of judgment are insufficient. By itself. Yes. Yes. But if you have a complaint, it is quite different. Your honor, I guess what I'm saying is in this instance, it's what its notation on the abstract of judgment doesn't really elucidate the theory of the prosecution in this case. What the documents that what the abstract of judgment can be used for is to establish that he was convicted under the modified categorical approach. Unfortunately, this is just not a document that can establish whether he was convicted as a principal. So what, in your view, prevents us from eliminating the possibility of an accessory after the fact charge? Because the informal amendment doctrine under California, the informal amendment of the pleading, that doctrine under California. The doctrine. But what in the records supports an intimation that that doctrine was utilized in this case? There is nothing in the record. But there's nothing in the record to establish that it wasn't. And it's not the petitioner's burden. The petitioner has no burden here. Unfortunately, in the government's response brief, the government questions why the petitioner didn't come forward with certain evidence, why the petitioner didn't establish certain things. It's because the burden is not on the petitioner. But you have to point us to something in the record that supports your argument, though. Under the allocation of the burden of proof under Section 240 of the Immigration and Nationality Act, the government has to point to something. The government did point to several documents that established the aggravated felony. The government points to documents that say it's possible. But the question is, is there clear and convincing evidence that this charge was never changed? And there is no clear and convincing evidence that this charge was never changed, especially since we don't know what happened in those felony settlement conferences. And asking the petitioner in this matter to come forward with evidence as to what happened in those felony settlement conferences shifts the burden of proof. You're asking the government to prove a negative. Which sometimes is the burden on the government. I mean, that's the allocation of the burden of proof. So the fact that your client says, I plead guilty to doing the things that are stated in the charges, I'm to take from that that there's been a different complaint, and he's pleading to something different than the complaint that's here when it's not in the record? No, Your Honor. In U.S. v. Vidal, there was a long discussion of the informal amendment document. Well, I read U.S. v. Vidal, but there wasn't even any transcript in U.S. v. Vidal. We didn't even have anything to look at in U.S. v. Vidal. And yet here we do. We have the actual document he signs. Not only does he put his initials, he adds to it in his own writing. He does add certain things to it, but he didn't write that exactly. Your time is about a minute and a half. I do see that. I would just respond that, well, I will save time for rebuttal at this point. I lost my train of thought. Thank you, Your Honor. I think the argument is pretty clear. Okay. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. John Blakely on behalf of the Respondent Attorney General of the United States. Your Honor, I think the facts have been spelled out pretty clearly here about the differences between this record and the record for either Vidal or Panigliar or any of the other cases dealing with a modified categorical approach. This Court has asked for more, and this case is the more. There's just about everything you could ask for here. And I'd just like to address the burden of proof briefly, and that is to state that in Gonzales v. Duenas-Alvarez, the Supreme Court addressed this burden of proof as far as the clear and convincing standard that the government has to establish that an alien has been convicted of an offense. And in addressing the arguments there, the Supreme Court said that more than the application of a legal imagination is required. It requires a realistic probability, not a theoretical possibility. In other words, the government has established here by clear and convincing evidence that he was convicted of a generic theft offense. And to rebut that here, the alien is in the position that he has to show a realistic possibility that there's something else in the record here. And there is no realistic possibility at all that he could have been convicted of anything besides the principal offense, a generic theft offense. And unless there are any other questions, I'll just ask this Court to deny the petition for review. Thank you, Captain. You don't need to come back here. Well, I just have one response to Judge Smith's question that I unfortunately had lost my train of thought. The question isn't how much did the government submit. The question is what does the government's evidence establish. And so the presence of the transcript, the presence of all of the documents that were submitted by the government here, if they do not, just because they're there does not mean that they establish what the government's burden is to establish. And with that, I will submit to the Court. Well, and so to make sure that you understood what my question was about, I said he added things to the appropriate document. On the page 2, I guess, the back side of the felony plea form where it says plea agreement, I'm not sure it's his writing, but somebody added counts 1 and 2 and then puts 1-10-0-8-5-1, talks about, I mean, says what it is, and then puts 2. It isn't as if that wasn't added right in there. So that's what I was just... I understand. I understand that, Your Honor. And what I would say is that still doesn't establish how the charge read on the day that he fled. Thank you, Your Honor. Thank you, counsel. The case that's argued will be submitted. The next case for oral argument is United States v. Martinez Reyes.
judges: Reinhardt, Rawlinson, Smith N. R.